PETERS, J.
dissents.
|,I respectfully disagree with the majority’s determination that the workers’ compensation judge (WCJ) did not err in granting the motion for summary judgment filed by Dual Trucking, Inc. (Dual Trucking). While the majority correctly notes that Dual Trucking’s burden is governed by La.Code Civ.P. art. 966(C)(2), I do not find that that burden has been met.
Since it did not bear the burden of proof at trial, Dual Trucking’s burden was establish that “there is an absence of factual support for one or more elements essential to” Mr. Matt’s claim. Id. In this case, Dual Trucking attempted to show that Mr. Matt could not meet his burden of showing that his illness was, more probably than not, caused by his work-related exposure to chemical residues. In attempting to do so, Dual Trucking relied entirely on Dr. Alleman’s report that “there is no condition at this time that seems to be unques *1213 tionably related to his occupational exposures to benzene, hydrogen sulfide and radioactive material.” (Emphasis added.) The correct question for Dr. Alleman is whether Mr. Matt’s condition is more probably than not related to his exposure to the various chemicals.
[Louisiana Revised Statutes] 23:1031.1 provides every employee disabled by an occupational disease shall be entitled to | gcompensation as if he received personal injury by an accident arising out of and in the course of his employment. [Louisiana Revised Statutes] 23:1031.1(B) defines an occupational disease as a disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease.
The initial question is factual, i.e., whether the plaintiff sustained an occupational disease resulting from causes and conditions characteristic of and peculiar to his particular occupation, process, or employment. The plaintiff is not required to prove the causal connection with absolute certainty. The plaintiff must establish the cause of his disability by a reasonable probability. Peck v. Procter & Gamble Mfg. Co., 586 So.2d 714 (La.App. 3rd Cir.), writ denied, 590 So.2d 86 (1991).
Stutes v. Koch Servs., Inc., 94-782, p. 4 (La.App. 3 Cir. 12/7/94), 649 So.2d 987, 990, writ denied, 95-846 (La.5/5/95), 654 So.2d 335.
We are left to speculate how Dr. Alleman would have answered that question.
Given Dual Trucking’s failure to establish that there is an absence of factual support for this element of Mr. Matt’s claim, the burden did not shift to require Mr. Matt to produce any evidence. The WCJ should have rejected the motion for summary judgment on the showing made.
Even had Dr. Alleman’s report addressed this issue, it would still not have been sufficient to meet Dual Trucking’s burden. Louisiana Code of Civil Procedure Article 966(B)(2) provides in pertinent part that:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motions for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
Dr. Alleman’s report fits none of these categories and, therefore, is not to be considered by the WCJ in rendering judgment on this issue.
I would reverse the grant of the summary judgment and remand for further proceedings.